# FILED

SEP 0 6 2007

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **07 CR 580** |
| | ) | No. |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Sections 371 and 2, and |
| | ) | Title 29, United States Code, |
| | ) | Section 501(c) |
| RICHARD LOPEZ, | ) | |
| CASSANDRA MOSLEY, | ) | |
| MARK JONES, and | ) | **JUDGE KOCORAS** |
| DAVID RODRIGUEZ. | ) | |

**MAGISTRATE JUDGE DENLOW**

## COUNT ONE

The SPECIAL AUGUST 2006-2 GRAND JURY charges:

1.   At times material to this indictment:

### GENERAL ALLEGATIONS

a.   The International Brotherhood of Teamsters ("the Teamsters") was an international labor organization with over one million members. Local 743 was a chartered local labor union of the Teamsters based in Chicago, Illinois. Local 743 was governed in accordance with the constitution of the Teamsters and the by-laws of Local 743.

b.   Local 743 represented its members in collective bargaining with employers engaged in warehouse, office, medical, service, and other industries affecting interstate and foreign commerce with respect to wages, hours, grievances, and other terms and conditions of employment. Pursuant to that representation, Local 743 had executed collective bargaining agreements with employers within its jurisdiction.

c.     Both the Teamsters and Local 743 were "labor organizations" engaged in industries and activities affecting commerce within the meaning of the Labor Management Reporting and Disclosure Act ("LMRDA"), Title 29, United States Code, Sections 402(i) and (j), and were subject to the provisions of the LMRDA governing "labor organizations."

d.     As a labor organization, Local 743 was required by section 481(b) of the LMRDA to hold elections for its officers every three years.

e.     On or about August 2004, the Executive Board of Local 743 scheduled a mail ballot election for its officers to be held from September 22 to October 16, 2004 ("the October 2004 election").

f.     In September 2004, Local 743 purchased official ballot packages for the October 2004 election consisting of: 1) an outer envelope in which the ballots would be delivered by mail to Local 743 members; 2) a secret ballot; 3) a secret ballot envelope in which a cast ballot would be sealed; and 4) a return envelope in which the cast ballots inside the secret ballot envelope would be returned by mail to Local 743 for tallying.

g.     On or about September 22, 2004, the official ballot packages in the October 2004 election were mailed to Local 743 members.

h.     On or about October 16, the elections officer for the October 2004 election began tallying the ballots which had been returned by mail to Local 743.

i.     On or about October 18, 2004, the Executive Board of Local 743 suspended permanently the tallying of ballots in the October 2004 election before its conclusion and scheduled a rerun election to be held from November 9 through December 4, 2004 ("the December 2004 election").

j.      In November 2004, Local 743 purchased official ballot packages for use in the December 2004 election consisting of: 1) an outer envelope in which the ballots would be delivered by mail to Local 743 members; 2) a secret ballot; 3) a secret ballot envelope in which a cast ballot would be sealed; and 4) a return envelope in which the cast ballots inside the secret ballot envelope would be returned by mail to Local 743 for tallying.

k.      On or about November 9, 2004, the official ballot packages in the December 2004 election were mailed to Local 743 members.

l.      Defendant CASSANDRA MOSLEY was a person employed by Local 743 as a business agent from 2003 until 2006.

m.      Defendant MARK JONES was a person employed by Local 743 as a business agent from 2003 until 2006.

n.      Defendant RICHARD LOPEZ was an officer and a person employed by Local 743, that is recording secretary, from 1999 to 2005, and secretary-treasurer from 2005 to the present.

o.      Defendant DAVID RODRIGUEZ was a person employed by Local 743 as an organizer from 2003 to 2007.

p.      As employees and agents of Local 743, defendants CASSANDRA MOSLEY, MARK JONES, RICHARD LOPEZ, and DAVID RODRIGUEZ owed a duty of honest services to Local 743 and its members.

2.      Beginning at least as early as August 2004 and continuing at least through December 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

RICHARD LOPEZ
CASSANDRA MOSLEY,
MARK JONES, and
DAVID RODRIGUEZ

3

defendants herein, and other persons both known and unknown to the Grand Jury, knowingly conspired and agreed with each other and with other persons known and unknown to the grand jury to commit offenses against the United States, that is:

a. to devise and participate in a scheme to defraud Local 743 of its property and Local 743 and its members of the honest services of defendants CASSANDRA MOSLEY, MARK JONES, RICHARD LOPEZ, and DAVID RODRIGUEZ by means of materially false and fraudulent pretenses, representations, and promises, and in furtherance of that scheme, to use or cause the use of the United States mails, in violation of Title 18, United States Code, Section 1341; and

b. to embezzle, steal and unlawfully and willfully abstract and convert to their own use and to use of others property of Local 743, in violation of Title 29, United States Code, section 501(c).

## Manner and Means by Which the Conspiracy Was Conducted

3.      It was part of the conspiracy that defendants CASSANDRA MOSLEY, MARK JONES, RICHARD LOPEZ, and DAVID RODRIGUEZ, and others known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme to defraud Local 743 and its members of the honest services of defendants CASSANDRA MOSLEY, MARK JONES, RICHARD LOPEZ, and DAVID RODRIGUEZ, and Local 743 of its property, that is, hundreds of official ballot packages in both the October 2004 and December 2004 elections of officers in Local 743. As further described below, defendants carried out the scheme by fraudulently causing the addresses of certain Local 743 members to be changed in union records so that official ballot packages for the October 2004 and December 2004 elections would be sent to friends, family, and

4

associates of defendants, rather than to Local 743 members eligible to vote in those elections, and caused the use of the United States mails in furtherance of this scheme.

5.      It was further part of the conspiracy that defendants CASSANDRA MOSLEY, MARK JONES, RICHARD LOPEZ, and DAVID RODRIGUEZ, and others known and unknown to the Grand Jury, embezzled, stole, and unlawfully and willfully abstracted and converted to their own use and to use of others the property and other assets of Local 743, that is, hundreds of official ballot packages in both the October 2004 and December 2004 elections in Local 743, contrary to rules and procedures governing the election of such officers.

6.      It was further part of the conspiracy that in order to ensure that the incumbent officers of Local 743, known as the "Unity Slate," would win the officer election held in 2004, defendants CASSANDRA MOSLEY, MARK JONES, RICHARD LOPEZ, and DAVID RODRIGUEZ, and others known and unknown to the Grand Jury, cast and caused to be cast the diverted ballots collected and converted by defendants during the balloting period in both the October 2004 and December 2004 elections for the Unity Slate, contrary to the rules and procedures governing the elections.

7.      It was further part of the conspiracy that defendants CASSANDRA MOSLEY, MARK JONES, RICHARD LOPEZ, and DAVID RODRIGUEZ, and others known and unknown to the Grand Jury, prior to both the October 2004 and December 2004 elections, collected addresses of friends, family members, and other confidantes, to be used in diverting official ballot packages which were supposed to be delivered by mail to Local 743 members in good standing;

8.      It was further part of the conspiracy that defendants CASSANDRA MOSLEY, MARK JONES, RICHARD LOPEZ, and DAVID RODRIGUEZ , and others known and unknown to the Grand Jury, prior to both the October 2004 and December 2004 elections, provided those

5

addresses to others within Local 743 with the knowledge that official ballot packages which in accordance with the rules and procedures governing the election should have been mailed to the addresses of Local 743 members in good standing would instead be mailed in the names of those members at the addresses provided by defendants.

9.     It was further part of the conspiracy that defendants CASSANDRA MOSLEY, MARK JONES, RICHARD LOPEZ, and DAVID RODRIGUEZ, and others known and unknown to the Grand Jury, prior to both the October 2004 and December 2004 elections, fraudulently caused the addresses of Local 743 members in the computer database maintained by Local 743 to be changed from the members' previously recorded addresses to the addresses provided by defendants that in fact belonged to defendants friends, family members, and confidantes.

10.     It was further part of the conspiracy that defendants CASSANDRA MOSLEY, MARK JONES, RICHARD LOPEZ, and DAVID RODRIGUEZ, and others known and unknown to the Grand Jury, prior to both the October 2004 and December 2004 elections, caused the fraudulently altered address information from the database to be provided to a business hired by Local 743 to print the official ballot packages and then mail the official ballot packages by the United States Mails to Local 743 members at the addresses appearing on the list.

11.     It was further part of the conspiracy that defendants CASSANDRA MOSLEY, MARK JONES, RICHARD LOPEZ, and DAVID RODRIGUEZ, and others known and unknown to the Grand Jury, during the balloting period in both the October 2004 and December 2004 elections, collected and used for improper purposes contrary to the rules and procedures governing the election hundreds of the diverted official ballot packages that had been delivered by mail to defendants' friends, family members, and confidantes.

12.     It was further part of the conspiracy that defendants misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of and acts done in furtherance of the conspiracy.

## OVERT ACTS

13.     In furtherance of the conspiracy and to effect the objects and purposes thereof, the following overt acts, among others, were committed and caused to be committed by the defendants, and others, in the Northern District of Illinois and elsewhere:

a.     On or about September 7 and 10, 2004, defendants and other persons known and unknown to the Grand Jury changed and caused to be changed the addresses of hundreds of Local 743 members in the database for Local 743, from the addresses previously provided by Local 743 members, to those addresses belonging to defendants' friends, family members, and confidantes;

b.     On or about September 17, 2004, defendants and other persons known and unknown to the Grand Jury caused the fraudulently-altered list of addresses of Local 743 members to be delivered to a business hired by Local 743 for use in printing the official ballot packages and mailing those packages to Local 743 members;

c.     On or about September 22, 2004, defendants and other persons known and unknown to the Grand Jury caused official ballot packages to be sent through the United States mail, by a business hired by local 743, to the addresses reflected for Local 743 members in the fraudulently altered address list.

d.     In or about late September 2004, defendant CASSANDRA MOSLEY collected approximately two official ballot packages for the October 2004 election of officers in

7

Local 743, which had been mailed to an address, known to the Grand Jury, in Merrillville, Indiana (Address No. 1);

     e.     In or about late September 2004, defendant CASSANDRA MOSLEY collected approximately three official ballot packages for the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Gary, Indiana (Address No. 2);

     f.     In or about late September 2004, defendant CASSANDRA MOSLEY collected approximately two official ballot packages for the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Gary, Indiana (Address No. 3);

     g.     In or about late September 2004, defendant CASSANDRA MOSLEY possessed approximately three official secret ballot envelopes for the October 2004 election of officers in Local 743, which were mailed to addresses, known to the Grand Jury, in Chicago, Illinois and Forest Park, Illinois (Address Nos. 15, 16 and 17);

     h.     In or about late September 2004, defendant MARK JONES collected approximately four official ballot packages for the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Lockport, Illinois (Address No. 4);

     i.     In or about late September 2004, defendant MARK JONES collected approximately four official ballot packages for the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Plainfield, Illinois (Address No. 5);

     j.     In or about late September 2004, defendant MARK JONES collected approximately four official ballot packages for the October 2004 election of officers in Local 743,

which were mailed to an address, known to the Grand Jury, in Bolingbrook, Illinois (Address No. 6);

k.      In or about late September 2004, defendant DAVID RODRIGUEZ collected approximately four official ballot packages for the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Cicero, Illinois (Address No. 7);

l.      On or about late September 2004, Defendant DAVID RODRIGUEZ collected approximately four official ballot packages in the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Chicago, Illinois (Address No. 8);

m.      Between on or about October 29 through on or about November 4, 2004, defendants and other persons both known and unknown to the Grand Jury changed or caused to be changed the addresses of hundreds of Local 743 members in the Titan database for Local 743 from the members' previously recorded addresses to addresses provided by defendants for defendants' friends, family, and other confidantes;

n.      On or about November 5, 2004, defendants and other persons both known and unknown to the Grand Jury caused an electronic computer list of addresses of Local 743 members from the Titan database for Local 743 to be delivered to a business hired by Local 743 to print the official ballot packages and then mail those official ballot packages to Local 743 members;

o.      On or about November 9, 2004, defendants and other persons both known and unknown to the Grand Jury caused official ballot packages to be mailed by a business hired by local 743, located in the Northren District of Illinois, by United States Mail to the addresses for those Local 743 members appearing in the electronic computer list of addresses from the Titan database for Local 743;

p.   In or about mid-November 2004, defendant CASSANDRA MOSLEY collected approximately five official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Gary, Indiana (Address No. 9);

q.   In or about mid-November 2004, defendant CASSANDRA MOSLEY collected approximately seven official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Gary, Indiana (Address No. 10);

r.   In or about mid-November 2004, defendant CASSANDRA MOSLEY collected approximately seven official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Gary, Indiana (Address No. 11);

s.   In or about mid-November 2004, defendant CASSANDRA MOSLEY possessed  approximately one official secret ballot envelope for the December 2004 election of officers in Local 743, which were mailed to addresses, known to the Grand Jury, in Chicago, Illinois and Forest Park, Illinois (Address No. 21);

t.   In or about mid-November 2004, defendant RICHARD LOPEZ collected approximately seven official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Melrose Park, Illinois (Address No. 12);

u.   In or about mid-November 2004, defendant RICHARD LOPEZ collected approximately five official ballot packages for the December 2004 election of officers in Local 743,

10

which were mailed to an address, known to the Grand Jury, in Melrose Park, Illinois (Address No. 13);

       v.      In or about mid-November 2004, defendant DAVID RODRIGUEZ collected approximately five official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Cicero, Illinois (Address No. 7);

       w.      In or about mid-November 2004, defendant DAVID RODRIGUEZ collected approximately five official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Chicago, Ilinois (Address No. 14);

       x.      In or about mid-November 2004, defendant DAVID RODRIGUEZ collected approximately six official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Chicago, Illinois (Address No. 8);

       y.      In or about mid-November 2004, defendant DAVID RODRIGUEZ possessed approximately three official secret ballot envelopes and approximately three secret ballots for the December 2004 election of officers in Local 743, which were mailed to addresses, known to the Grand Jury, in Chicago, Illinois (Addresses No. 18, 19, 20 and 21);

All in violation of Title 18, United States Code, Section 371 and 2.

## COUNT TWO

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.      The allegations contained in subparagraphs (1)(a)-(l) of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.      In or about October 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

### CASSANDRA MOSLEY,

defendant herein, while employed directly and indirectly by Local 743, did embezzle, steal and unlawfully and willfully abstract and convert to her own use and to use of others the property and other assets of said labor organization consisting of approximately twenty-nine official ballot packages in the October 2004 election of officers owned by Local 743, each bearing the name of a Local 743 member in good standing, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## COUNT THREE

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.      The allegations contained in subparagraphs (1)(a)-(l) of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.      In or about December 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

### CASSANDRA MOSLEY,

defendant herein, while employed directly and indirectly by Local 743, did embezzle, steal and unlawfully and willfully abstract and convert to her own use and to use of others the property and other assets of said labor organization consisting of approximately ninety official ballot packages in the December 2004 election of officers owned by Local 743, each bearing the name of a Local 743 member in good standing, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## COUNT FOUR

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    The allegations contained in subparagraphs (1)(a)-(k) and (m) of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.    In or about October 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

### MARK JONES,

defendant herein, while employed directly and indirectly by Local 743, did embezzle, steal and unlawfully and willfully abstract and convert to his own use and to use of others the property and other assets of said labor organization consisting of approximately thirty-four official ballot packages in the October 2004 election of officers owned by Local 743, each bearing the name of a Local 743 member in good standing, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## COUNT FIVE

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    The allegations contained in subparagraphs (1)(a)-(k) and (n) of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.    In or about December 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

## RICHARD LOPEZ,

defendant herein, while employed directly and indirectly by Local 743, did embezzle, steal and unlawfully and willfully abstract and convert to his own use and to use of others the property and other assets of said labor organization consisting of approximately thirteen official ballot packages in the December 2004 election of officers owned by Local 743, each bearing the name of a Local 743 member in good standing, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

15

## COUNT SIX

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.      The allegations contained in subparagraphs (1)(a)-(k) and (o) of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.      In or about October 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

### DAVID RODRIGUEZ ,

defendant herein, while employed directly and indirectly by Local 743, did embezzle, steal and unlawfully and willfully abstract and convert to his own use and to use of others the property and other assets of said labor organization consisting of approximately eight official ballot packages in the October 2004 election of officers owned by Local 743, each bearing the name of a Local 743 member in good standing, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## COUNT SEVEN

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.      The allegations contained in subparagraphs (1)(a)-(k) and (o) of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.      In or about December 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

### DAVID RODRIGUEZ ,

defendant herein, while employed directly and indirectly by Local 743, did embezzle, steal and unlawfully and willfully abstract and convert to his own use and to use of others, the property and other assets of said labor organization, consisting of approximately thirty-seven official ballot packages in the December 2004 election of officers owned by Local 743, each bearing the name of a Local 743 member in good standing, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY

17